09-0703-cr
United States v. Terrazas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of February , two thousand ten.

Present:
> HON. Pierre N. Leval,
> HON. Richard C. Wesley,
> > *Circuit Judges*,
> HON. John Gleeson
> > *District Judge.**

_____

United States of America,

> *Appellee*,

> > v.                                        No. 09-0703-cr

Jose V. Terrazas, aka, Jose Victor Terrazas-Casares, aka, Roberto Martiniz-Rivera,

> *Defendant-Appellant*.

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellant:    STEVEN R. PEIKIN, Sullivan & Cromwell, LLP, New York, NY

For Appellee:               ADAM S. HICKEY, United States Attorney's Office for the
                            Southern District of New York, New York, New York

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered February 17, 2009, is **AFFIRMED**.

Defendant Terrazas was convicted, following a one-day bench trial on stipulated facts, of two counts of making a false statement under oath in a naturalization proceeding, in violation of 18 U.S.C. § 1015(a). Terrazas was sentenced to three years' probation and a $200 special assessment. On appeal, Terrazas asks us to find (1) that an implied element of a violation of section 1015(a) is materiality of the false statement, and (2) that the misstatements he was charged with making in his naturalization application were immaterial as a matter of law. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We need not consider Terrazas's first argument because, even if section 1015(a) does contain an implied materiality requirement, any error in the district court's failure to make a finding on this question was harmless. Assuming that materiality is an element of section 1015(a), Terrazas was entitled to have the materiality of his false statements determined by the fact finder. *United States v. Gaudin*, 515 U.S. 506, 523 (1995). However, "the omission of an

element is an error that is subject to harmless-error analysis." *Neder v. United States*, 527 U.S. 1, 15 (1999). Applying such an analysis, we will affirm if "it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). Put another way, we will affirm if no fact finder could have reasonably found that Terrazas's false statements were immaterial. *See id.* at 16.

A "misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed," *Kungys v. United States*, 485 U.S. 759, 770 (1988) (internal quotation marks omitted). Accordingly, the question is whether Terrazas's criminal record, if candidly disclosed, would have "ha[d] a natural tendency to influence" the decisions of the United States Citizenship and Immigration Services ("USCIS") officer examining him in the first instance. We find that no reasonable fact finder could have answered that question in the negative. At an absolute minimum, those facts – that Terrazas had been convicted of use of a false name to gain entry into the United States (with a term of imprisonment imposed) and of harassment (in connection with an arrest for sexual abuse and child endangerment), and in addition had been arrested two more times for sexual abuse – would have reasonably been regarded by the USCIS officer as "relevant to a determination of [his] present moral character." *See* 8 C.F.R. § 316.10(a)(2). That suffices for materiality.

Terrazas's only argument that his false statements were not material is based on an incorrect reading of the governing statutes and regulations. Terrazas asserts that immigration officials would have been precluded by regulations from considering his prior arrests and convictions because they occurred more than five years before his naturalization application.

This argument, however, is without merit.  While 8 C.F.R. §§ 316.2(a)(7) and 316.10 require that, in order to be eligible for naturalization, an alien establish that he has been a "person of good moral character" for at least the five years preceding the date of his application, 8 C.F.R. § 316.10 explicitly provides that USCIS is "*not* limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts *at any time* prior to that period, . . . if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character."  8 C.F.R. § 316.10(a)(2) (emphases added).  Certainly, Terrazas's substantial criminal history fits this bill, and USCIS would have been free to consider it.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK